[Sac. No. 813.   Department Two. — November 22, 1901.]

## J. D. GOODWIN et al., Respondents, v. JOHN R. PERKINS and MARY PERKINS, Appellants.

MINE UPON HOMESTEAD — IMPROVEMENTS UNDER ORAL CONTRACT — REFUSAL TO SIGN AGREED WRITING — RECOVERY OF IMPROVEMENTS — FINDINGS — CONFLICTING EVIDENCE. — Mining machinery and other improvements erected by the plaintiffs upon a mine situated upon the homestead of the defendants, under an oral contract therefor, and for possession and an interest in the mine, which it was agreed should be written and executed by the parties, but which, when drafted by the plaintiffs, and orally assented to as correct by the defendants, who agreed to sign it, they finally refused to sign, and thereupon ousted the plaintiffs, after the improvements were completed as agreed, may be recovered by the plaintiffs, under findings, upon substantially conflicting evidence of such facts alleged in the complaint, which showed that the plaintiffs, as tenants at will under the oral contract, were entitled to remove the improvements, and to have possession for that purpose, and that the improvements were not so constructed as to be an integral part of the mine, and could be removed without injury to the realty.

ID. — RECOVERY OF IMPROVEMENTS AS PERSONAL PROPERTY — POSSESSION — TENANCY AT WILL. — The machinery and other improvements,

under the facts of the case, may be recovered as personal property, upon demand therefor, and refusal to deliver the same without temporary possession of the premises, and without reference to any tenancy at will upon the homestead premises, which could be created only as provided by law, by a properly acknowledged instrument. - [Per Temple, J., specially concurring.]

APPEAL from a judgment of the Superior Court of Lassen County and from an order denying a new trial.    F. A. Kelley, Judge.

The facts are stated in the opinion of the court.

Spencer & Raker, and H. D. & G. S. Burroughs, for Appellants.

Goodwin & Goodwin, for Respondents.

McFARLAND, J.—This case involves the right of plaintiffs to certain mining machinery, including an engine and boiler, quartz-mill, battery, with buildings, tools, etc., placed by them on certain land of defendants.    Judgment was for plaintiffs and defendants appealed.

The following facts are alleged by plaintiffs and found by the court: Defendants are husband and wife, and in August, 1895, were the owners of a tract of land which constituted their homestead.    On a part of this land there was evidence of a gold-bearing quartz ledge upon which some work had been done, and which, with its appurtenances, was known as the "Lone Pine" mining property.    In said month plaintiffs offered to the defendant J. R. Perkins to expend two thousand dollars in machinery, labor, etc., in developing said quartz ledge in accordance with a certain agreement then verbally made between them, which was to be put into the form of a written contract, and which, when written, Perkins promised that he and his wife would sign.    The agreement which Perkins thus promised to sign when written was, briefly stated, that plaintiffs were to have possession of the mining premises for a certain period, with leave to work it, etc.; and if within the time specified they should put on the two thousand dollars' worth of improvements, and in addition should pay defendants one thousand dollars, then defendants were to convey to plaintiffs the undivided three fourths of said mining property.    There were also some agreements about a division of gold

which might be taken out during the working period, etc., that are not necessary to be mentioned. Perkins requested plaintiffs to have the agreement reduced to writing, but by mutual agreement, in order to save delay, plaintiffs were to immediately take possession and commence work. With this understanding plaintiffs took possession and commenced work. A few days afterwards, a draft of the written contract was prepared by plaintiffs and submitted to Perkins, who suggested some amendments, which were agreed to by plaintiffs, who engrossed the contract as amended, and left the same with the defendants for their signatures. Defendants were both satisfied with the contract, and promised to sign it at their convenience, and thus induced plaintiffs to proceed with the improvements with the understanding that defendants would sign, but they failed and refused to do so, and never have signed the said contract. Afterwards, and while plaintiffs were in possession of the premises and improvements, defendants entered and ousted plaintiffs therefrom. The improvements were put on the premises for the purpose of conducting the business of mining, and were mining improvements. They were not so constructed or attached as to be an integral part of the mine or premises, and can be removed without any injury to the mine, land, or premises. The court below found that, under the circumstances, the plaintiffs were tenants at will, and had the right to remove said improvements, and to have possession for that purpose.

The main questions in the case are questions of fact, and if the findings of fact are justified by the evidence, the judgment is right. There was evidence on both sides of the issues of fact; but there was testimony directly sustaining all the findings, and while this testimony was sharply contradicted by other witnesses, it was for the trial court to determine the preponderance. We cannot say that the evidence was not fairly and materially "conflicting" within the established rule, and therefore we cannot here disturb these findings.

There are some exceptions to rulings made touching the admissibility of evidence, but none of such rulings are upon matters material to the decision of the case. There was some evidence introduced against appellants' objection to the point that a small part of the machinery put on the premises had been borrowed by plaintiffs from a third party, but the de-

cision was not upon the theory that any part of the improvements were borrowed, and the ruling was immaterial.

The judgment and order denying a new trial appealed from are affirmed.

Henshaw, J., concurred.

TEMPLE, J., concurring specially.—I concur in the judgment, but am not able to agree that the plaintiffs were tenants at will, as argued in the briefs. As the property constituted a homestead, a tenancy of any kind could be created only as provided by law, by an instrument in writing, signed and acknowledged by both husband and wife. If the plaintiffs had paid money to defendants upon a void contract for the purchase of land, they could, after demand, have maintained an action to recover the money. Here they furnish certain personal property upon such a contract, and I see no reason why they may not recover its possession after demand and refusal. The demand for temporary possession of the land is immaterial, and the action may be regarded as an ordinary suit for the recovery of personal property.